IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JORGE SANCHEZ and JAVIER CISNEROS, Individually, and On Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | CIVIL ACTION FILE |
| v. | ) ) | No._____ |
| T. NGUYEN INCORPORATED, d/b/a RU SAN'S and THAI NGUYEN, | ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) ) ) | |

## COMPLAINT FOR DAMAGES

Plaintiffs, JORGE SANCHEZ and JAVIER CISNEROS, individually and on behalf of all others similarly situated, by and through their attorneys BARRETT & FARAHANY, LLP, as and for their Complaint, allege of their own knowledge and conduct and upon information and belief as to all other matters, as follows:

## PRELIMINARY STATEMENT

1.

Plaintiffs  brings this action, individually and on behalf of all others similarly situated, to recover monetary damages for all unpaid  minimum wage and overtime compensation, liquidated damages, interest and costs, including

1

reasonable attorneys' fees as a result of Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA").

2.

The Proposed Class is composed of current or former cooks and/or dishwashers employed by Defendants in the State of Georgia, who were deprived from receiving minimum wage and/or  at least one (1)  hour of overtime compensation for work weeks in excess of 40 hours,  during the applicable statutory period.

3.

Plaintiffs  bring this action under Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* in connection with Defendants' violation of their statutory obligations to pay Plaintiffs minimum wage and/or  overtime compensation at a rate of 1.5 times  regular rate of pay, for work in excess of 40 hours per week, pursuant to 29 U.S.C. § 207(a).

4.

Upon information and belief, for at least six (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed widespread violations of the FLSA, in the manner described herein.

## JURISDICTION AND VENUE

### 5.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, because this action involves the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, a federal statute.

### 6.

Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## THE PARTIES

### 7.

At all relevant times, T. NGUYEN INCORPORATED was a domestic business corporation organized and existing under the laws of the State of Georgia.

### 8.

At all relevant times, T. NGUYEN INCORPORATED, was doing business as RU SAN'S, a chain of Japanese sushi restaurants.

### 9.

At all relevant times, THAI NGUYEN, was the principal officer and shareholder of T. NGUYEN INCORPORATED.

10.

At all relevant times, T. NGUYEN INCORPORATED was actively doing business, operating and maintaining RU SAN's restaurant facilities and places of business located at multiple locations within this district and the State of Georgia.

11.

At all relevant times Plaintiff, JORGE SANCHEZ, was and is a resident of Fulton County, State of Georgia.

12.

Within the past three (3) years, Plaintiff SANCHEZ, was employed by T. NGUYEN INCORPORATED as a cook and/or dishwasher.

13.

At all relevant times Plaintiff, JAVIER CISNEROS, was and is a resident of Fulton County, State of Georgia.

14.

Within the past three (3) years Plaintiff, CISNEROS, was employed by T. NGUYEN INCORPORATED as a cook and/or dishwasher.

## MATERIAL STATEMENT OF FACTS

15.

T. NGUYEN INCORPORATED is in the business of owning, maintaining, controlling and operating a chain of RU SAN'S Japanese sushi restaurants in Georgia, wherein food and beverage is prepared and offered to the public for human consumption.

16.

T. NGUYEN INCORPORATED operates and controls an enterprise engaged in commerce, with an annual gross volume of business exceeding $500,000.00.

17.

At all times relevant hereto, T. NGUYEN INCORPORATED has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined under 29 U.S.C. §203(s) (1).

18.

At all times material and relevant herein, T. NGUYEN INCORPORATED was the "employer" of Plaintiffs within the meaning of 29 U.S.C §203(d).

19.

At all times material and relevant herein, Defendants were jointly the "employer" of Plaintiffs and similarly situated  cooks and dishwashers at RU SAN'S, within the meaning of 29 U.S.C §203(d).

20.

At all relevant times, THAI NGUYEN was an "employer" within the meaning of the FLSA, 29 U.S.C. Section 203(d). In particular, THAI NGUYEN exercised control over the operations of RU SAN'S, could hire and fire employees, had the power to control the actions of employees, and set their wages and compensation.

21.

At all times material and relevant herein, Defendants jointly and severally, either directly or indirectly, hired Plaintiffs; controlled their work schedules and conditions of employment; determined the rate and method of the payment of wages; and kept at least some records regarding their employment.

22.

At all times material and relevant herein, Defendants jointly and severally, controlled the work schedule, duties, protocols, applications, assignments and conditions of employment of Plaintiffs and similarly situated employees.

23.

At all relevant times herein, Defendants jointly and severally, maintained control, oversight, and direction over the Plaintiffs and the putative members of the proposed collective class, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

24.

Upon information and belief, Defendants  never posted a notice explaining the minimum hourly wage and overtime pay rights provided by FLSA in any area of its RU SAN'S business facilities  wherein  Plaintiffs  and similarly situated cooks and dishwashers  were employed, in violation of 29 C.F.R. §516.4.

25.

During the applicable statutory period, Plaintiffs and similarly situated cooks and dishwashers were paid wages on a monthly basis, in violation of Georgia Wage and Hour Laws.

26.

During the applicable statutory period, depending upon the number of weekly hours worked, Plaintiffs were sometimes paid at a rate below the prevailing minimum wage.

27.

At all times material and relevant herein, the primary job responsibilities of Plaintiffs, in their capacities as cooks and/or dishwashers, included preparing food, cooking food, and cleaning dishes and RU SAN'S restaurant premises.

28.

During the applicable statutory period, Defendants willfully, intentionally and knowingly treated Plaintiffs, and similarly situated cooks and dishwashers, as exempt under § 213(a) of the FLSA, from the statute's overtime pay requirements.

29.

Plaintiffs, and similarly situated cooks and dishwashers did not qualify as an exempt employees, as defined by the applicable Federal regulations.

30.

During the applicable statutory period, Plaintiffs and similarly situated cooks and dishwashers were required by Defendants and did regularly work well over 40 hours per week.

31.

During the applicable statutory period, Defendants never paid Plaintiffs overtime compensation at 1.5 times their regular rate of pay, for work weeks in excess of 40 hours.

32.

Defendants have consistently and continue to enforce a uniform statewide policy and/or practice of permitting, encouraging, and/or requiring its cooks and/or dishwashers, to work overtime, without compensation for work weeks in excess of 40 hours.

33.

Upon information and belief, at all times material and relevant herein, Defendants failed to keep full and accurate records of Plaintiffs' and similarly situated employees' hours and wages, in violation of 29 C.F.R. §§ 516.5, 516.6.

34.

Defendants' wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor and/or the Georgia Department of Labor, or any administrative practice or enforcement policy of such departments.

35.

Defendants' widespread violations of the FLSA and controlling regulations were willful, arbitrary, unreasonable and/or in bad faith.

36.

Defendants' conduct and actions, as described above, were willful, intentional and not the result of a good faith contest or dispute.

37.

Upon information and belief, Defendants have a clear, recent and repetitive history of alleged wage and hour law violations, identical to those raised in the instant litigation.

38.

Defendants' overtime violations alleged herein were "willful" because Defendants either knew and/or showed reckless disregard for the matter of whether said conduct was prohibited by the plain language of the FLSA.

39.

Defendants' overtime violations alleged herein were in reckless disregard of Plaintiffs' rights, because Defendants failed to make adequate inquiry into whether such conduct and acts were in compliance with the FLSA.

40.

Defendants were aware that the overtime policies alleged herein were violations of the FLSA, but Defendants demonstrated a reckless indifference toward the requirements imposed by the FLSA.

## <u>CLASS ACTION ALLEGATIONS</u>

### 41.

Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

### 42.

Plaintiffs bring this action, individually, and on behalf of all other similarly situated cooks and dishwashers, former and present, who were and/or are affected by Defendants' willful and intentional violation of the FLSA, as described in this Complaint.

### 43.

Plaintiffs bring this proposed collective action to recover monetary damages owed by Defendants for all the unpaid minimum wage and unpaid overtime compensation for hours in a work week in excess of 40.

### 44.

Plaintiff brings this claim for relief for violation of the FLSA, as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

(a)      All current and former employees of T. NGUYEN INCORPORATED, who are/were cooks and/or dishwashers at RU SAN'S  in the State of Georgia, during the statutory period:

(i)     who were not paid Minimum Wage;

(i)     Who were not paid overtime compensation for hours in a work week

        in excess of forty (40).

### 45.

This action is properly brought as a collective action in accordance with the

procedures set forth in the FLSA.

### 46.

The class is so numerous that joinder of all members is impractical. While

the exact number and identities of putative Class members are unknown at this

time, and can only be ascertained through appropriate discovery, Plaintiffs believe

that at least 50 putative class members have worked as cooks and/or dishwashers

for T. NGUYEN INCORPORATED at various RU SAN'S restaurants in Georgia,

during the applicable statutory period, without receiving appropriate Minimum

Wage and/or overtime compensation, as required by law.

### 47.

This litigation is properly brought as a collective action because of the

existence of questions of fact and law common to the Class which predominates

over any questions affecting only individual members, including:

a.  Whether Defendants are liable to Plaintiffs  and putative  members of the Class for violations of the FLSA;

b.  Whether  Defendants  failed to pay Plaintiffs  and putative members of the Class Minimum Wage;

c.  Whether Defendants failed to pay Plaintiffs and putative members of the Class overtime compensation for all hours in the work week in excess of forty (40).

48.

This litigation is properly brought as a collective action because Plaintiffs' claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendants' standard policies and practices, as alleged herein. Like all Class members, Plaintiffs were damaged by Defendants' policies and practices which failed to pay Minimum Wage and/or overtime compensation for all hours in a work week in excess of forty (40).

49.

Plaintiffs have no interests antagonistic to the interests of the other members of the Class. Plaintiffs are committed to the vigorous prosecution of this action and have retained competent counsel experienced in class action litigation.

Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Class.

50.

A collective action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

a.  Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class wide instead of on a repetitive individual basis;

b.  Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

c.  No unusual difficulties are likely to be encountered in the management of this collective action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

51.

Collective certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members no parties to the adjudication, or substantially impair or impede their ability to protect their interests.

52.

Plaintiffs anticipate that there will be no difficulty in the management of this litigation. This litigation presents FLSA claims of a type that have often been prosecuted on a classwide basis, and the manner of identifying the Class and providing any monetary relief to it can easily be effectuated from a review of Defendants' records.

## FIRST CLAIM FOR RELIEF
**(FLSA Claims brought By Plaintiffs, Individually)**

53.

Plaintiffs reallege and incorporate by reference, all preceding paragraphs as if fully set forth at length herein.

15

54.

Defendants have willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the FLSA as detailed herein, by misclassifying Plaintiffs, cooks and dishwashers, as exempt employees.

55.

Defendants have failed to accurately record all of the time worked by Plaintiffs.

56.

Defendants have failed to pay Plaintiffs minimum wage for each actual hour worked.

57.

Defendants knowingly and willfully failed to pay Plaintiffs minimum wage for each actual hour worked.

58.

Defendants' minimum wage practices, described herein, violated the FLSA.

59.

Defendants failed to compensate Plaintiff s for all hours in a work week in excess of 40.

60.

Defendants failed to compensate Plaintiffs at a rate of 1.5 times their regular rate of pay, for all hours in a work week in excess of 40.

61.

Defendants' overtime practices, as described herein, violated the FLSA.

62.

Defendants' wage and hour practices, as described herein were/are willful, intentional, unreasonable, arbitrary and in bad faith.

63.

Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to each such violation, pursuant to 29 U.S.C. § 255.

64.

By reason of the unlawful acts alleged herein, Defendants are jointly and severally liable to Plaintiffs, for all unpaid minimum wage and overtime compensation earned during the applicable statutory period, in such amounts as determined at trial, together with prejudgment interest, liquidated damages, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b),

together with such other and further legal and equitable relief, as to this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Collective Claims for Violation of FLSA)

### 65.

Plaintiffs repeat and reallege all the preceding paragraphs of this Complaint, as if fully set forth herein.

### 66.

Defendants have willfully and intentionally engaged in a persistent pattern and practice of violating the provisions of the FLSA as detailed herein, by misclassifying Plaintiffs and similarly situated cooks and dishwashers, as exempt employees.

### 67.

Defendants have failed to accurately record all of the time worked by Plaintiffs and similarly situated cooks and dishwashers, during the applicable statutory period.

68.

Defendants have failed to pay Plaintiffs and similarly situated cooks and dishwashers, minimum wage for each actual hour worked.

69.

Defendants' minimum wage practices, described herein, violated the FLSA.

70.

Defendants failed to compensate Plaintiff s and similarly situated cooks and dishwashers, for all hours in a work week in excess of 40.

71.

Defendants failed to compensate Plaintiffs and similarly situated cooks and dishwashers, at a rate of 1.5 times their regular rate of pay, for all hours in a work week in excess of 40.

72.

Defendants' overtime practices, as described herein, violated the FLSA.

73.

Defendants' wage and hour practices, as described herein were/are willful, intentional, unreasonable, arbitrary and in bad faith.

74.

Because Defendants willfully violated the FLSA, as aforesaid, a three (3) year statute of limitations applies to each such violation, pursuant to 29 U.S.C. § 255.

75.

By reason of the unlawful acts alleged herein, Defendants are jointly and severally liable to Plaintiffs and similarly situated cooks and dishwashers, for all unpaid minimum wage and overtime compensation earned during the applicable statutory period, in such amounts as determined at trial, together with prejudgment interest, liquidated damages, attorney's fees, costs and other compensation pursuant to 29 U.S.C. § 216(b), together with such other and further legal and equitable relief, as to this Court deems just and proper.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the putative members of the collective Class they seek to represent, pray for declaratory relief and damages as follows:

(a).   A declaratory judgment that T. NGUYEN INCORPORATED'S wage and hour practices alleged herein violate the FLSA;

20

(b).    Judgment for unpaid  Minimum Wage and overtime compensation to which

Plaintiffs  are lawfully entitled, pursuant to 29 U.S.C. § 216(b);

(c).    Judgment for unpaid  Minimum Wage and overtime compensation to which

members of the collective Class are lawfully entitled pursuant to 29 U.S.C. §

216(b);

(d).    Judgment for liquidated damages to which Plaintiffs are lawfully entitled

pursuant to 29 U.S.C. § 216(b);

(e).    Judgment for liquidated damages to which the collective Class members are

lawfully entitled pursuant to 29 U.S.C. § 216(b);

(f).    An order directing Defendants to pay Plaintiffs and members of the

collective Class reasonable attorney's fees and all costs connected with this

action.

(g).    Pre-judgment and post-judgment interest, as provided by law; and such other

and further relief as this Court may deem just and proper.

Dated this 25th day of April, 2012.


**BARRETT & FARAHANY, LLP**


s/Amanda A. Farahany
Amanda A. Farahany
Georgia Bar No. 646135

21

Benjamin F. Barrett
Georgia Bar No. 039586
Lori V. Douglas
Georgia Bar No. 770729

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
amanda@bf-llp.com
ben@bf-llp.com
lori@bf-llp.com